# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EDITH M. KOVACS, )
)
Plaintiff, ) No. 17 C 7770
)
v. ) Magistrate Judge M. David Weisman
)
NANCY A. BERRYHILL, Deputy )
Commissioner for Operations, )
performing the duties and functions not )
reserved to the Commissioner of Social )
Security, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Edith M. Kovacs brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of

the Social Security Administration's ("SSA's") decision denying her application for benefits. For

the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff filed an application for disability benefits on October 10, 2013, alleging a

disability onset date of September 30, 2007. (R. 117-18.) Plaintiff's application was denied

initially on July 9, 2014, and on reconsideration on April 21, 2015. (R. 117, 137.) An

Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on August 30, 2016,

2016. (*See* R. 35-101.) On October 5, 2016, the ALJ denied plaintiff's application. (*See* R. 21-

28.) The Appeals Council denied plaintiff's request for review (R. 1-3), leaving the ALJ's decision

as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See*

*Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 24.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative joint disease of the right knee and degenerative disc disease of the lumbar spine." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff can perform her past relevant work ("PRW") as an administrative assistant and thus is not disabled. (R. 27-28.)

Plaintiff argues that the ALJ wrongly concluded that she could perform her PRW. That is so, plaintiff says, because her testimony establishes that her PRW was not administrative assistant but a composite job of administrative assistant, caterer helper, and buffet waitress. (*See* R. 64-65 (plaintiff testifying that her last job required her to set up a monthly breakfast meeting, which entailed setting tables and putting chairs around them, cooking eggs, and setting up a buffet of breakfast food).) Plaintiff did not, however, raise this argument at the hearing, so neither the vocational expert ("VE") nor the ALJ had an opportunity to consider it.

In any event, the evidence does not support plaintiff's claim. A composite job is one that has "significant elements of two or more occupations and as such, ha[s] no counterpart in the DOT." Social Security Administration, Program Operations Manual System, DI 25005.020B, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last visited Aug. 21, 2018). "PRW may be a composite job if it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant." *Id.* With respect to her job duties, plaintiff testified: "I was an administrative assistant. I basically did paperwork. I did some filing. I set up for meetings. We had networking meetings a couple of times a month. Most of them were just lunch meetings. They weren't that big but we had a breakfast meeting every month which required setting up the

room for the guests." (R. 63-64.) This job description does not suggest, and neither plaintiff nor the VE testified that, this once-a-month meeting set up was a main duty of plaintiff's job. Thus, the ALJ's failure to consider plaintiff's PRW as a composite job was not error.

Alternatively, plaintiff argues that the ALJ's conclusion that plaintiff can perform her PRW is not supported by the necessary factual findings. *See* SSR 82-62, 1982 WL 31386, at *4 (Jan. 1, 1982) ("In finding that an individual has the capacity to perform a past relevant job, the determination . . . must contain" findings of fact "as to the individual's RFC," "the physical and mental demands of the past job/occupation," and that "the individual's RFC would permit a return to his or her past job or occupation."). The ALJ found that plaintiff has the RFC to do the sedentary job of an administrative assistant, as that job is defined in the Dictionary of Occupational Titles ("DOT"). (R. 27-28); *see* DOT, 169.167-010, *available at* https://occupationalinfo.org/16/169167010.html (last visited Aug. 21, 2018) (setting forth job duties). The ALJ also said that he "compar[ed] the claimant's [RFC] with the physical and mental demands of this work . . . and [found] that the claimant is able to perform [the work] as generally performed." (R. 28.) Taken together, those are sufficient fact findings to support the ALJ's conclusion that plaintiff can perform her PRW.

Plaintiff also argues that the ALJ erred in refusing to let the medical expert ("ME") testify about whether plaintiff met or medically equaled a listing after her date last insured ("DLI"). If the ME found that plaintiff met or equaled a listing post-DLI, plaintiff says, he may have inferred that the disability began pre-DLI. *See* SSR 83-20, 1983 WL 31249, at *3 (Jan. 1, 1983) (instructing ALJs to seek the input of MEs in cases in which the date of disability onset must be inferred from the medical evidence). The Seventh Circuit has held that post-DLI evidence is relevant to determining whether a disability existed pre-DLI. *See Parker v. Astrue*, 597 F.3d 920, 925 (7th

Cir. 2010) (stating that the ALJ "should have determined directly whether the plaintiff was totally disabled by [the DLI]—but in making that determination he must . . . consider *all* relevant evidence, including the evidence regarding the plaintiff's condition at present") (emphasis in original); *Anderson v. Sullivan*, 925 F.2d 220, 222 (7th Cir. 1991) (acknowledging the relevance of "evidence of the claimant's condition during the post-insured period"). But the record shows that the ME considered post-DLI evidence in this case and still concluded that plaintiff did not meet or equal a listing during the pre-DLI period. (*See* R. 76-80.) Thus, even if the ALJ's failure to let the ME answer questions about whether plaintiff met or equaled a listing after the DLI was an error, it was a harmless one. *See Parker*, 597 F.3d at 924 (stating that "harmless error . . . is applicable to judicial review of administrative decisions").

Plaintiff's last challenge, to the ALJ's symptom evaluation, is on firmer ground. Plaintiff testified that she can only stand for thirty minutes, walk for one and one-half blocks, and sit for fifteen to thirty minutes at a time. (R. 57-58.) The ALJ, who adopted a sedentary-work RFC for plaintiff, rather than a light-work RFC as suggested by the ME (*see* R. 80), must have credited plaintiff's statements about her limited ability to stand and walk but not her statements about her limited ability to sit. *See Dictionary of Occupational Titles* ("DOT"), App'x C, § IV, *available at* https://occupationalinfo.org/appendxc_1.html (last visited Aug. 21, 2018) (stating that "[s]edentary work involves sitting most of the time, but may involve walking or standing for brief periods of time," and light work involves "walking or standing to a significant degree"). The ALJ explained the symptom evaluation as follows:

> . . . [T]he undersigned finds that the objective medical evidence shows that the claimant is not as limited as she suggests. She reported that she has difficulties with lifting, standing, walking, and sitting. However, she acknowledged that she was able to do laundry, prepare simple meals, go shopping in stores for groceries, drive, and go for short walks. She also acknowledged that she lives in a house with

stairs and she has to climb stairs to get to her bedroom. Moreover, the claimant's examination findings shows [sic] that she is not limited to a disabling degree.

(R. 26) (citations omitted). While the ALJ may rely on plaintiff's daily activities in assessing the RFC, *Castile v. Astrue*, 617 F.3d 923, 927-28 (7th Cir. 2010), the ALJ has failed to explain why plaintiff's reported daily activities are inconsistent with her alleged inability to sit for more than thirty-minute intervals. Absent an explanation for his rejection of this allegation, the ALJ's symptom evaluation cannot stand. *See Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) ("[T]he cases make clear that the ALJ must *specify* the reasons for his [credibility] finding so that the applicant and subsequent reviewers will have a fair sense of the weight given to the applicant's testimony.") (emphasis in original).[1]

The ALJ's rejection of plaintiff's assertion that she uses a walker is also problematic. With respect to this issue, the ALJ said "there is no evidence that [plaintiff] was prescribed, needed, or used an assistive device [to walk]." (R. 24.) In fact, the ME testified that plaintiff's conditions might necessitate the use of a walker, and plaintiff testified that she uses one frequently. (*See* R. 59-61, 82.) Because the record does not support the ALJ's statement, and the VE said plaintiff's ability to work hinges on whether she uses a walker (R. 100), this issue must also be revisited on remand.

---

[1] In March 2016, the Commissioner issued new guidance for evaluating symptoms in disability claims, which "eliminate[ed] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017).

## Conclusion

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [23], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                    **ENTERED: August 23, 2018**


**M. David Weisman**
**United States Magistrate Judge**